IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
DENISE M. LESTER,              )
                               )
          Plaintiff,           )    Civil Action No. 05-1367
                               )
    v.                         )    Judge Cercone
                               )    Magistrate Judge Caiazza
MERCY HOSPITAL,                )
                               )
          Defendant.           )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

For the reasons that follow, the Defendant's Motion to Dismiss (Doc. 6) should be granted regarding the Plaintiff's PHRA claim, but denied regarding the ADA claim.[1]

**II.   REPORT**

The Plaintiff Denise M. Lester alleges that her employment with the Defendant Mercy Hospital ("Mercy" or "the Defendant") was terminated on February 14, 2003. *See* Compl. (Doc. 1) at ¶ 23. On October 9, 2003, she submitted to the EEOC an unverified intake questionnaire, stating detailed allegations of disability discrimination against Mercy. *See* Pl.'s Aff. (Ex. 1 to Doc. 11) at ¶ 4; "General Intake Questionnaire" (Ex. 2 to Doc. 11); *see also* discussion *infra* (explaining why questionnaire was "[un]verified" under applicable regulations). On January 17, 2004, she submitted her formal, verified charge.

---

[1] The Defendant does not currently challenge the Plaintiff's claims under the FMLA. *See* Def.'s Br. (Doc. 7) at 2 n.1.

*See* "Charge of Discrimination" (Ex. A-1 to Doc. 7, signed by Plaintiff "under penalty of perjury").

The Defendant argues that the Plaintiff's ADA and PHRA claims are barred for her failure to exhaust administrative remedies. *See generally* Def.'s Br. Plaintiff's counsel concedes that no charge was filed within the 180-day limitations period applicable under the PHRA, so the Defendant's Motion should be granted to that extent. *See* Pl.'s Opp'n Br. (Doc. 11) at 11. Questions remain, however, regarding the exhaustion of administrative remedies under the ADA.

The parties are in agreement that Ms. Lester had 300 days, or until December 11, 2003, to file her charge with the EEOC. *See generally* Def.'s Br. at 5; *see also* date calculator at website, http://cgi.cs.duke.edu/~des/datecalc/datecalc.cgi. Although the Plaintiff's EEO questionnaire preceded the deadline, her verified charge did not. *See* discussion *supra*.

The Defendant's Motion implicates the Court of Appeals for the Third Circuit's recent decision in <u>Buck v. Hampton Twp. Sch. Dist.</u>, -- F.3d --, 2006 WL 1790779 (3d Cir. Jun. 30, 2006) (publication pending).[2] There, the plaintiff filed two unverified EEO questionnaires and an unverified charge of discrimination, all before the expiration of the 300-day

---

[2]   The parties briefed this Motion well before <u>Buck</u> was decided. They can be heard regarding the decision through the objections process.

limitations period.  *See id.* at \*2.  The defendants answered the unverified charge on the merits, but later raised the lack of verification as a defense in federal court.  *See id.*  The district court granted the defendants' motion to dismiss for failure to exhaust, and the Third Circuit Court reversed.  *See id.* at \*2, 8.  Among other things, the Court concluded the defendants had waived any objection to the lack of verification by failing to raise it before the EEOC.  *See id.* at \*5-6 ("the verification requirement is concerned . . . with protecting an employer from responding to an unverified charge," and "[w]hen an employer files a response on the merits, he forgoes [that] protection").[3]

     To be sure, the Buck holding is distinguishable from the instant case on the facts.  In that case, the plaintiff's unverified questionnaires and unverified charge were filed within the 300-day limitations period, and here the unverified questionnaire was timely but the verified charge was not.

---

[3]  The Third Circuit Court explained the frustrating effects that can result from a slavish adherence to legal technicality:

> [The employer]'s motion to dismiss on the basis of [the plaintiff's] failure to verify her charge seems like an afterthought, brought forward at the last possible moment to preclude consideration of the merits . . . .  [I]t can prevail only from technical compulsion irrespective of considerations of practical justice. . . .  Given our determination that the verification requirement is not an inflexible bar to suit . . .[,devoid of] equitable considerations, we cannot countenance this result.

*See id.* at \*7 (citation and internal quotations omitted).

*See* discussions *supra*.  The <u>Buck</u> Court's other teachings make clear, however, that Mercy's Motion to Dismiss likewise should be denied.

The <u>Buck</u> opinion establishes that, although Ms. Lester's intake questionnaire was eligible for consideration as a "charge" under the statute,[4] her failure to have the questionnaire duly notarized or sworn under penalty of perjury rendered it inadequate for the purposes of "verification."  *See id.; compare also id.* at *3 *with* Pl.'s Intake Questionnaire (each containing identical "true and correct" language, rejected in <u>Buck</u> as insufficient under "verification" regulations).

<u>Buck</u> does confirm, however, that Ms. Lester had the ability to "cure technical defects or omissions, including failure to verify the charge," with an amendment "relat[ing] back to the date the charge was first received."  *See* <u>Buck</u>, 2006 WL 1790779 at *3 (quoting relevant C.F.R. provision).  Here, the Plaintiff effectively "cured" the verification deficiency suffered in her timely-filed questionnaire through the later submission of a properly verified charge of discrimination.  *See* discussions *supra*; *see also* Pl.'s Charge of Discrimination (signed "under penalty of perjury").  Implicit in the Third Circuit's rulings, then, was its approval of the case law allowing "relation back"

---

[4]  *See id.* at *3 (EEO questionnaires were "documents which, if [properly] verified, might satisfy the statutory ['charge'] requirement").

to a timely filed (and otherwise adequate) EEO questionnaire. *Compare* discussion *supra with* Pl.'s Br. at 9-10 (discussing case allowing plaintiff to relate back untimely charges of discrimination to timely filed but unverified EEO questionnaire); *see also* Welsh v. City of Shawnee, 1999 WL 345597, *5 n.6 (10th Cir. Jun. 1, 1999) (noting some courts' holdings "that a timely filed questionnaire followed by an untimely but verified charge may be sufficient . . . in some circumstances").

In light of the Third Circuit Court's holding in Buck, the refusal to allow a "relation back" here would lead to paradoxical results, indeed.  For in Buck, the plaintiff never filed a verified charge before the EEOC, whereas in this case Ms. Lester merely filed the verification late.  *Cf.* discussion *supra* (noting Third Circuit's recognition EEO questionnaire, if verified, could qualify as "charge").  If the Buck employer's answering on the merits caused a waiver of the verification defense, it would be difficult to explain why Mercy did not likewise waive any timeliness objections by disputing the merits of Ms. Lester's claims before the EEOC.  *See* EEO Determination Ltr. (attached as Ex. 7 to Doc. 11-2) at 1-2 (although Mercy "denie[d] that [Ms. Lester] was discriminated against because of a disability," EEOC "determined that the evidence obtained during

the investigation establishe[d] a violation of the . . . ADA").[5] In any event, the Plaintiff's ADA charge was timely under Buck, and the Defendant's Motion to Dismiss should be denied in this regard.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by August 10, 2006.  Responses to objections are due by August 21, 2006.

July 25, 2006

Francis X. Caiazza
U.S. Magistrate Judge

---

[5]  In light of the relation back doctrine, the District Court need not, and should not, reach the question of whether the Buck Court's waiver analysis extends to limitations period challenges.  There would appear little basis for distinguishing between the verification and untimeliness issues, however, given the Buck Court's reasoning and the general recognition that limitations period objections are waived if not timely raised. *See id.* at *5, 7 (when employer responds on merits before EEOC, raising verification issue for first time in federal court "seems like an afterthought, brought forward at the last possible moment to preclude consideration of the merits"; where statutory requirement is "not a jurisdictional prerequisite for suit," court should not be constrained by "technical compulsion[s] irrespective of considerations of practical justice"); *see also* Balter v. U.S., 2006 WL 335859, *1 (3d Cir. Feb. 15, 2006) (in order to prevent waiver, "affirmative defenses . . . including the statute of limitations" should be "raised [within] a pragmatically sufficient time . . . [to prevent] prejudice to the plaintiff") (citing published Third Circuit authority, internal quotations omitted); Communications Workers of Amer. v. New Jersey Dept. of Personnel, 282 F.3d 213, 216-17 (3d Cir. 2002) (Title VII exhaustion is "[a] non-jurisdictional prerequisite[], akin to statute[] of limitations[,] and [is] subject to waiver") (citation omitted).  Thus, while Buck does not expressly extend to the limitations period defense, it would probably behoove employers in the Third Circuit to raise their untimeliness objections before the EEOC in the first instance.

cc (via email):

A. Patricia Diulus-Myers, Esq.
Marijane E. Treacy, Esq.
Joseph S. Hornack, Esq.